IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RAYMOND O. DEMBY, JR., )
                      )
    Petitioner,        )
                      )        07-493
v.                    )   Civil Action No. 06-650-GMS
                      )
THOMAS CARROLL,        )
Warden, and ATTORNEY GENERAL )
OF THE STATE OF DELAWARE, )
                      )
    Respondents.       )

**ORDER**

At Wilmington this 20th day of Nov., 2007;

IT IS HEREBY ORDERED that:

1. Petitioner Raymond O. Demby's motion to proceed *in forma pauperis* is GRANTED for the limited purpose of issuing the instant order. (D.I. 1.)

2. Petitioner Raymond O. Demby's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is DISMISSED and the writ is DENIED as second or successive. (D.I. 2.) The instant petition is Demby's second habeas challenge to his 1996 conviction. The court denied Demby's first § 2254 petition challenging his 1996 conviction as time-barred.[1] *See Love v. Williams*, 2002 WL 1058184 (D. Del. May 22, 2002). The record reveals that Demby filed the instant petition without first obtaining permission from the Court of Appeals for the Third

---

[1] The instant petition was filed, and signed, by an individual named "Raymond O. Demby," and the petition denied in 2002 was filed and signed by an individual named "Raheem Love." However, the prisoner SBI number in both petitions is the same.

Circuit. Therefore, the court does not have the authority to review the petition. *See* 28 U.S.C. § 2244(b)(1); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

    3. Demby has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and a certificate of appealability is not warranted. *See United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. LAR 22.2 (2002).

    4. Pursuant to Rule 4, 28 U.S.C. foll. § 2254, the clerk shall forthwith serve a copy of the petition and this order upon: (1) the above-named warden of the facility in which Denston is housed; and (2) the Attorney General for the State of Delaware.

    5. The clerk shall also send a copy of this order to Denston at his address on record.

                                                                                        _____
                                                                                      CHIEF, UNITED STATES DISTRICT JUDGE



FILED

NOV 2 6

U.S. DISTRICT COURT
DISTRICT OF DELAWARE